IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Edward Aloysius Rzewnicki,<br><br>　　　　　　　Defendant. | No. CR-14-01155-001-TUC-RCC (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Defendant Edward Aloysius Rzewnicki's Motion to Dismiss the Indictment with Prejudice ("Motion to Dismiss") (Doc. 24). The Government has filed its Response to Defendant's Motion to Dismiss the Indictment With Prejudice ("Response") (Doc. 29). Defendant Rzewnicki filed his amended reply (Doc. 31). Defendant is charged with one count of having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessing firearms and ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Indictment (Doc. 1) at 1.

Pursuant to Rule 5.1, Local Rules of Criminal Procedure,[1] this matter came before Magistrate Judge Macdonald for an evidentiary hearing and a report and

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

recommendation. On April 2, 2015, oral argument was heard by Magistrate Judge Macdonald and the matter taken under advisement. Minute Entry 4/2/2015 (Doc. 34). The Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's motion.

## I. FACTUAL BACKGROUND

On April 29, 2005, Defendant was convicted in the Arizona Superior Court in Cochise County of felony endangerment, a class 6 felony. Def.'s Mot. to Dismiss (Doc. 24) at 2. He was sentenced to three (3) years of probation, with credit for two (2) days in jail. *Id.* As a condition of his probation he was not to "have weapons of any sort in any residence in which he resides until his civil rights have been restored." *Id.*, Order on Pet. for Discharge from Probation (Attach. "1"). On April 9, 2008 the Cochise County Probation Department filed a petition for discharge from probation with the Cochise County Superior Court. Def.'s Mot. to Dismiss (Doc. 24) at 2. Accordingly, on April 29, 2008, the Superior Court entered its order discharging Defendant from his probation.[2] *Id.*

In February 2014, agents with the Bureau of Alcohol, Tobacco, Firearms and

---

[2] The Order stated, "IT IS ORDERED, pursuant to Rule 27.4, Arizona Rules of Criminal Procedure, that the defendant is hereby discharged absolutely, effective on April 29, 2008." After the judge's signature, the following notice appeared:

**The defendant is advised that rights may be restored as provided in the following statutes:**
13-912  Restoration of civil rights; automatic for first offenders.
13-905  Restoration of civil rights; persons completing probation.
13-907  Setting aside of judgment of convicted person upon discharge; making of application; release from disabilities; exceptions
13-908  Restoration of civil rights in the discretion of the Superior Court Judge.
Def.'s Mot. to Dismiss, Att. "1." (Doc. 24-1) (emphasis in original).

- 2 -

Explosives ("ATF") received information that the defendant was selling firearms on his property in Dragoon, Arizona. Govt.'s Response (Doc. 29) at 1. A criminal records check was conducted, and agents determined that the defendant had a felony conviction from 2005 from the Arizona Superior Court in Cochise County, and that he had neither submitted an application for permission to regain his civil rights to possess a firearm, nor had he received said permission from the court. *Id.*

A subsequent undercover operation confirmed that Defendant was operating a "gun store" on his property, selling firearms and ammunition without a federal firearms license. *Id.* at 2. On March 4, 2014, agents executed a search warrant at the Defendant's residence and seized all his firearms and ammunition. *Id.* at 3. Defendant denied having been convicted of any felonies, and asserted that his priors were only misdemeanors. *Id.* The indictment in this cause of action followed. Indictment (Doc. 1).

## II.  ANALYSIS

Defendant states that he received an "absolute discharge" order advising him of an unqualified and automatic restoration of civil rights for first offenders. Def.'s Mot. to Dismiss (Doc. 24) at 2. Defendant relies on *United States v. Laskie*, 258 F.3d 1047 (9th Cir. 2001) to argue that this matter should be dismissed, because he falls within the anti-mousetrapping provision of 18 U.S.C. § 921(a)(20).

Section 922(g)(1), Title 18, prohibits any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. 18 U.S.C.§ 922(g)(1). Section 921(a)(20), Title 18, provides:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include—
>
> **(A)** any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
>
> **(B)** any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

In *Laskie*, the defendant "pleaded guilty in Nevada state court to possession of a controlled substance, a felony." *Laskie*, 258 F.3d 1047, 1048 (2001). "After completing his probation, Defendant applied for and received an 'Order Honorably Discharging probationer,' which provided, as relevant:

> IT IS THEREFORE ORDERED that the previous finding of Guilty be changed to that of Not Guilty, and the Information herein dismissed.
>
> IT IS FURTHER ORDERED that said Defendant be, and is hereby discharged from supervision and released from all penalties and disabilities resulting from the crime of which he has been convicted."

*Id.* at 1048-49. The *Laskie* defendant was subsequently arrested by Las Vegas police officers for carrying a concealed weapon, and charged under the federal felon in possession statute. *Laskie*, 258 F.3d at 1049. The Ninth Circuit Court of Appeals found that *Laskie* "received only a single discharge order, which said nothing about further steps that he was required to take to have his rights restored." *Id.* at 1052. Therefore, the

court found he could reasonably "complain that he was 'mousetrapped' – that is, led to believe by the state that he was 'released from all penalties and disabilities resulting from the crime of which he has been convicted' when, in fact, he was not entitled to possess firearms." *Id.* Accordingly, the court of appeals found that Laskie's conviction had been "set aside" and could not serve as the predicate felony for a conviction under 18 U.S.C. § 922(g)(1).

Here, Defendant's discharge order provided that "The defendant is advised that rights **may** be restored as provided in the following statutes." *See* Def.'s Mot. to Dismiss (Doc. 24), Attach. "1." For first time offenders, A.R.S. § 13-912 applies. Section 13-912 states that:

> **A.** Any person who has not previously been convicted of any other felony shall automatically be restored any civil rights that were lost or suspended by the conviction if the person both:
>
>  1. Completes a term of probation or receives an absolute discharge from imprisonment.
>
>  2. Pays any fine or restitution imposed.
>
> **B. This section does not apply to a person's right to possess weapons as defined in § 13-3101 unless the person applies to a court pursuant to § 13-905 or 13-906.**

A.R.S. § 13-912 (emphasis added).

Section 13-905, Arizona Revised Statute, provides that "**[o]n proper application**, a person who has been discharged from probation either before or after adoption of this chapter may have any civil rights which were lost or suspended by the felony conviction restored by the superior court judge by whom the person was sentenced or the judge's successors in office from the county in which the person was originally convicted."

- 5 -

A.R.S. § 13-905(B).

Defendant also relies, in part, on the fact that his discharge order refers to being discharged "absolutely;" however, this is simply the language that appears in the Arizona Rules of Criminal Procedure upon which the Order is based.[3]  Furthermore, the permissive language regarding the restoration of rights in his discharge order indicates that additional steps are necessary, and the first time offender statute expressly provides that restoration of the right to carry a firearm requires more.  Finally, Defendant argues that the issuance of a hunting license is evidence that he should be able to rely on to demonstrate that his civil rights had been restored; however, as the Government noted during oral argument, issuance of a hunting license does not require a background check, or permit hunting exclusively with firearms.  In light of the language of the advisory notice, Defendant's motion to dismiss must fail.

### III. CONCLUSION

The Court finds that Defendant Rzewnicki's reliance on the order discharging him from probation to include restoration of his civil right to possess firearms unreasonable.

### IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District

---

[3] Rule 27.5 provides in relevant part: "In the superior courts, upon expiration or early termination of a term of probation, the court shall order the probationer to be discharged absolutely, and the clerk of the court shall promptly upon request furnish the probationer with a certified copy of the order of discharge. Ariz. R. Crim. P. 27.5(a).

Court DENY Defendant Edward Aloysius Rzewnicki's Motion to Dismiss the Indictment with Prejudice (Doc. 24).

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR-14-01155-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 15th day of April, 2015.

Honorable Bruce G. Macdonald
United States Magistrate Judge